**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST. ROOM 4066<br>NEWARK, NJ 07101<br>973-297-4903 |

November 30, 2021

<u>VIA ECF</u>

**<u>LETTER ORDER</u>**

Re:   NVE Bank v. M&P RE, LLC
       <u>Civil Action No. 19-12829</u>

Dear Litigants:

Before the Court is Plaintiff NVE Bank's ("Plaintiff") Motion for Summary Judgment, ECF No. 43. Defendants M&P RE, LLC ("M&P") and Elimelech Schwartz ("Schwartz" and together with M&P, "Defendants") oppose the Motion. ECF No. 55. For the reasons explained below, the Motion is **GRANTED**.

**I.    BACKGROUND**[1]

This action arises out of M&P's default on a $3,150,000 commercial mortgage loan issued by Plaintiff (the "Loan"). <u>See generally</u> Compl., ECF No. 1.1.

Plaintiff issued the Loan on December 5, 2013, evidenced by a Mortgage Note executed by M&P. PSOMF ¶¶ 1-2; <u>see also</u> Certification of Stephanie A. Stagg ("Stagg Cert.") Ex. A (the "Note"), ECF No. 43.4. The Note required M&P to make monthly payments of principal, interest, and real estate taxes, and to pay a 4% late fee on any outstanding amount not received within 15 days after its due date. PSOMF ¶¶ 13-15; Note ¶¶ 3-4, 6, 8. The failure to pay such amounts when due is an event of default under the Note. PSOMF ¶ 18; Note ¶ 9a. In the event of default, interest accrues on the unpaid principal amount at the rate of 3% above the rate that would apply if default had not occurred. PSOMF ¶ 16; Note ¶ 10. A default also permits Plaintiff to declare the entire principal, interest, and other amounts owed immediately due and payable. PSOMF ¶ 19; Note ¶ 9.

To secure the Loan, M&P executed a Mortgage and Security Agreement on real property located in Pennsville, New Jersey (the "Property"). PSOMF ¶ 4; <u>see also</u> Stagg Cert. Ex. B (the "Mortgage"), ECF No. 43.5. In the event of default on the Loan, the Mortgage permits Plaintiff to foreclose on the Property and either take possession of the Property or obtain a receiver of the rents, issues, and profits of the Property. PSOMF ¶ 20; Mortgage ¶ 15c. & g.

---

[1] These facts are principally drawn from Plaintiff's Statement of Material Facts Not in Dispute ("PSOMF"), ECF No. 43.2. Defendants have admitted each fact asserted by Plaintiff. <u>See</u> Defendants' Response to Statement of Material Facts ("DRSOMF") ¶¶ 1-28, ECF No. 55.1.

Schwartz personally guaranteed M&P's obligations under the Loan documents. PSOMF ¶ 8; see also Stagg Cert. Ex. D (the "Guaranty"), ECF No. 43.7. At the closing for the Loan, Schwartz was represented by counsel and signed the Guaranty. PSOMF ¶¶ 10-11. The Note, Mortgage, and Guaranty further permit Plaintiff to recover all costs, expenses, and reasonable attorney's fees incurred in enforcing those documents. PSOMF ¶¶ 26-27; Note ¶ 16; Mortgage ¶ 26; Guaranty ¶ 6A.

Since November 1, 2018, M&P has failed to make payments due under the Loan. PSOMF ¶ 17. Plaintiff has now declared the entire amount of the Loan due and payable, and neither M&P nor Schwartz have paid the sums due. Id. ¶¶ 21-23. There is now $3,481,836.28 due under the Loan. Id. ¶ 25. Plaintiff has additionally incurred attorney's fees in the amount of $76,442.43 in enforcing the Loan and Guaranty. Id. ¶ 28; see also Certification of Craig L. Steinfeld ("Steinfeld Cert.") ¶¶ 14-15, ECF No. 43.9.

On March 25, 2019, Plaintiff filed a complaint in foreclosure against M&P in New Jersey Superior Court, Chancery Division. See Steinfeld Cert. Ex. A, ECF No. 43.10.[2] On April 18, 2019, Plaintiff filed a separate complaint against M&P and Schwartz in New Jersey Superior Court, Law Division, alleging breach of the Note and unjust enrichment against M&P, breach of the Guaranty against Schwartz, and the right to attorney's fees against both Defendants. See Steinfeld Cert. Ex. B, ECF No. 43.11. Defendants subsequently removed both actions to this Court, invoking the Court's diversity jurisdiction. See Steinfeld Cert. Exs. C-D, ECF Nos. 43.12, 43.13. On March 26, 2020, the Court entered an Order consolidating the foreclosure and breach of contract actions under the above docket number. ECF No. 31.

Plaintiff now moves for summary judgment, seeking a judgment of foreclosure on the Mortgage and a judgment for damages against Defendants for breach of the Note and Guaranty. ECF No. 43. Defendants oppose the Motion on three narrow grounds, arguing that (1) Plaintiff has failed to prove the amount of the Loan with admissible evidence; (2) the Guaranty is unenforceable; and (3) Plaintiff has failed to mitigate its damages. ECF No. 55.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), the Court will grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with available affidavits, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[S]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988).

The Court construes all facts and inferences in the light most favorable to the non-moving party. Peters v. Del. River Port Auth., 16 F.3d 1346, 1349 (3d Cir. 1994). "[A] party opposing a

---

[2] Plaintiff subsequently amended the foreclosure complaint to add Defendant Theresa Masel ("Masel"), a junior lienholder on the Property. See NVE Bank v. M&P RE, LLC, No. 19-12860, ECF No. 16. Masel has filed an Answer and does not contest the foreclosure or dispute the priority of the Mortgage. See id., ECF No. 42.

properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248 (internal quotation marks omitted) (citing First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)).

## III. ANALYSIS

### A. Foreclosure and Breach of the Note

Defendants first contend that Plaintiff has failed to prove the amount of the Loan as a matter of law and has failed to mitigate its damages. The Court disagrees.

"A mortgagee establishes a prima facie right to foreclosure when there is proof of execution, recording, and non-payment of the mortgage." Wells Fargo Bank, N.A. v. Bertea, No. 13-7232, 2016 WL 1182707, at *3 (D.N.J. Mar. 28, 2016) (citing Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952)). "The only material issues in a foreclosure proceeding are: (1) the validity of the mortgage; (2) how much debt exists; and (3) the mortgagee's right to resort to the mortgaged premises." Id. (citing Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993) and Cent. Penn Nat'l Bank v. Stonebridge, Ltd., 185 N.J. Super. 289, 302 (App. Div. 1982)). To prevail on a claim for breach of contract, a plaintiff must prove "a valid contract between the parties, the opposing party's failure to perform a defined obligation under the contract, and the breach caused the claimant to sustain damages." EnviroFinance Grp., LLC v. Env't Barrier Co., LLC, 440 N.J. Super. 325, 345 (App. Div. 2015).

Defendants do not dispute that the Note and Mortgage are valid written contracts, that the Mortgage was properly recorded, that M&P defaulted on and breached the Note and Mortgage, or that the Mortgage entitles Plaintiff to resort to the Property. See PSOMF ¶¶ 1-7, 13-22; DRSOMF ¶¶ 1-7, 13-22. Defendants also concede that the total amount due on the Note and Mortgage is $3,481,836.28. PSOMF ¶ 25; DRSOMF ¶ 25. Despite this concession, they argue that Plaintiff's calculation of damages is "without any factual support." Pl. Opp. at 10.

Defendants' argument wholly lacks merit. Plaintiff's Senior Vice President and Chief Credit Officer has certified the outstanding Loan amount based on her personal knowledge and review of Plaintiff's records kept in the ordinary course of business. See Stagg Cert. ¶¶ 1, 22. Defendants have not presented any contrary evidence that would create a dispute of material fact, and indeed concede that Plaintiff's calculation is accurate. DRSOMF ¶ 25. Plaintiff has therefore established each element of its claims for foreclosure on the Mortgage and breach of the Note.

Moreover, Defendants have failed to create a dispute of material fact as to whether Plaintiff failed to mitigate its damages. As in any contract claim, a party alleging breach of a commercial loan agreement must take "reasonable steps to limit its damages." See Wells Fargo Bank, N.A. v. CCC Atl., LLC, No. 12-521, 2014 WL 794369, at *3 (D.N.J. Feb. 27, 2014). Failure to mitigate is an affirmative defense; Defendants thus have the burden to proffer facts showing that Plaintiff failed to mitigate damages. Ingraham v. Trowbridge Builders, 297 N.J. Super. 72, 83 (App. Div. 1997). Here, Schwartz certifies that at an undisclosed point in time after the instant suits had commenced, he obtained a "prospective agreement with the subordinate mortgage holder to remove the subordinate mortgage" and offered to transfer the Property to Plaintiff. See Certification of Elimelech Schwartz ¶¶ 10-13. Defendants contend that Plaintiff's failure to accept

transfer of the Property, which is worth "in excess of $4,200,000," constitutes a failure to mitigate damages. Pl. Opp. at 15.

Even accepting Schwartz's assertions,[3] it is unclear how Plaintiff's alleged failure to accept transfer of the Property constitutes a failure to mitigate damages. As Defendants observe, Plaintiff's acceptance of "a property worth in excess of $4,200,000 to satisfy a claimed debt of $3,481,836.28 . . . would result in a windfall profit to the Plaintiff far in excess of the Plaintiff's claimed damages." In other words, had Plaintiff accepted the offer, it would have <u>increased</u> the total value received from Defendants on the Loan.

Defendants attempt to remedy this fundamental gap in logic by asserting that Plaintiff wishes to "double dip" and obtain a judgment exceeding $7,600,000.00 by seeking to both foreclose on the Property and recover damages on the Note. But while Plaintiff may not ultimately recover more than the outstanding loan amount, New Jersey law permits a commercial mortgage holder to simultaneously seek a foreclosure judgment on the mortgage and an <u>in personam</u> judgment for damages against the borrower. See <u>Brunswick Bank & Tr. v. Affiliated Bldg. Corp.</u>, 440 N.J. Super. 118, 125-26 (App. Div. 2015).

Regardless, Plaintiff had no obligation to accept Schwartz's ostensibly verbal representation that he had persuaded the junior lienholder—who has appeared in the foreclosure action and asserted her right to any remaining proceeds after sale of the Property and payment to Plaintiff—to voluntarily relinquish her lien. Without more, "[n]o factfinder could find [Defendants'] proposed mitigation steps reasonable." See <u>Wells Fargo Bank, N.A.</u>, 2014 WL 794369, at *3.

Consequently, Plaintiff is entitled to summary judgment on its claims for Foreclosure and breach of the Note.[4]

## B. Breach of Guaranty

Defendants next contend that there is a question of material fact as to whether the Guaranty is enforceable. The Court again disagrees.

Like Plaintiff's claims under the Mortgage and Note, Defendants concede that Schwartz has failed to make payments on the Loan, as required by the Guaranty. PSOMF ¶ 23; DRSOMF ¶ 23. Defendants also admit that Schwartz personally signed the Guaranty at the closing of the Loan, where he was represented by counsel. PSOMF ¶¶ 10-11; DRSOMF ¶¶ 10-11. Nonetheless, Defendants argue that there was no "meeting of the minds" between the parties because Schwartz speaks English as a second language, was unaware that a Guaranty would be required to obtain the Loan, and was unaware of the terms of the Guaranty.

---

[3] The Court need not reach Plaintiff's arguments that Schwartz's certification is invalid under the "sham affidavit" doctrine and that no evidence shows that Schwartz's alleged offer to convey clear title to the Property ever occurred.

[4] Plaintiff also seeks summary judgment on its claim for unjust enrichment against M&P, which arises solely from M&P's failure to make payments under the Note. See Compl. ¶¶ 25-26. Because unjust enrichment is available only where no express contract governs the parties' relationship, and because Plaintiff has now proven its claim for breach of the Note, the Court dismisses Plaintiff's claim for unjust enrichment with prejudice. See <u>Caputo v. Nice-Pak Prod., Inc.</u>, 300 N.J. Super. 498, 507 (App. Div. 1997).

It is well settled that a guaranty "should be interpreted according to its clear terms so as to effect the <u>objective</u> expectations of the parties." <u>See</u> <u>Ctr. 48 Ltd. P'ship v. May Dep't Stores Co.</u>, 355 N.J. Super. 390, 406 (App. Div. 2002) (emphasis added).  Moreover, absent fraud, duress, or some other defense to formation, "signing a contract creates a conclusive presumption that the signer read, understood, and assented to its terms." <u>Raiczyk v. Ocean Cnty. Veterinary Hosp.</u>, 377 F.3d 266, 270 (3d Cir. 2004) (citation omitted).  This presumption is further heightened where, as here, the party was represented by counsel at the time of signing.  <u>See, e.g.</u>, <u>Ctr. 48 Ltd. P'ship</u>, 355 N.J. Super. at 407.  Considering Plaintiff's unchallenged evidence that Schwartz agreed to and signed the Guaranty in the presence of counsel, there is no dispute of material fact as to a "meeting of the minds."[5]

Consequently, summary judgment is warranted on Plaintiff's claim for breach of the Guaranty.

### C.   Attorney's Fees

Finally, the Court will grant Plaintiff's request for attorney's fees.  Once again, Defendants concede that the Note, Guaranty, and Mortgage permit Plaintiff to recover the costs of collection, including reasonable attorney's fees.  <u>See</u> PSOMF ¶¶ 26-27; DRSOMF ¶¶ 26-27.  The Court has reviewed the Certification of Craig L. Steinfeld accompanying Plaintiff's Motion, which asserts that Plaintiff has expended $76,442.43 in fees and costs in connection with its collection efforts.  <u>See</u> Steinfeld Cert. ¶¶ 14-15.

Defendants do not challenge the reasonableness of Plaintiff's fees but instead argue that, due to its alleged failure to accept Schwartz's offer to convey the Property, Plaintiff is entitled to no fees at all.  Pl. Opp. at 16.  As discussed above, however, under the circumstances of this case Plaintiff had no obligation to accept Schwartz's offer and forego suit.  The Court must therefore grant the full amount of Plaintiff's fee application as uncontested.  <u>United States ex rel. Palmer v. C&D Techs., Inc.</u>, 897 F.3d 128, 137 (3d Cir. 2018) ("A judge [may] not decrease a fee award based on factors not raised at all by the adverse party.") (quoting <u>Bell v. United Princeton Props., Inc.</u>, 884 F.2d 713, 720 (3d Cir. 1989)).

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment is **GRANTED** as to its claims for foreclosure on the Mortgage, breach of the Note against M&P, and breach of Guaranty against Schwartz.  Judgment is entered against M&P and Schwartz, jointly and severally, in the amount of **$3,558,278.71**, comprised of (a) **$3,481,836.28** in damages under the Note and Guaranty; and (b) **$76,442.43** in reasonable attorney's fees.  Plaintiff's claim for unjust enrichment

---

[5] To the extent Schwartz's alleged lack of knowledge can be construed as a mistake of fact, "a unilateral mistake of fact, unknown to the other party, is not ordinarily grounds for avoidance of a contract." <u>Ctr. 48 Ltd. P'ship</u>, 355 N.J. Super. at 412.  In rare cases, a unilateral mistake may justify recission where (1) the mistake would render enforcement of the contract "unconscionable"; (2) the mistake related to "the material feature of the contract"; (3) the mistake occurred "notwithstanding the exercise of reasonable care by the party making the mistake"; and (4) recission would not cause "serious prejudice to the other party, except for loss of his bargain." <u>Dugan Const. Co. v. New Jersey Tpk. Auth.</u>, 398 N.J. Super. 229, 242 (App. Div. 2008).  Here, Defendants have not demonstrated that enforcement of a standard commercial guaranty would be unconscionable or that Schwartz exercised reasonable care to ascertain the meaning of the Guaranty before signing it in the presence of counsel.

against M&P is **DISMISSED WITH PREJUDICE**.  This matter remains open to conduct the foreclosure.

                                                **SO ORDERED.**

                                                */s Madeline Cox Arleo*
                                                **MADELINE COX ARLEO**
                                                **UNITED STATES DISTRICT JUDGE**